IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID HALFPENNY, )
Plaintiff, )
v. ) Civil Action No. 05-0392J
MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, )
Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 12th day of March, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 15) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for disability benefits on December 9, 2003, alleging a disability onset date of July 28, 2002, due to diabetes, hepatitis C, post-traumatic stress disorder and low back pain. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on December 13, 2004, at which plaintiff, represented by counsel, appeared and testified. On December 30, 2004, the ALJ issued a decision finding that plaintiff is not disabled. On April 8, 2005, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 46 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §405.1563(c). Plaintiff has high school education and has past relevant work experience as a truck driver, but he has not engaged in substantial gainful activity since his alleged onset date. Plaintiff met the disability insured status requirements of the Act on his alleged onset date and will continue to meet them through December of 2007.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the

Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of insulin dependent diabetes, post-traumatic stress disorder, hepatitis C, low back pain secondary to L5-S1 stenosis with mild muscle weakness and blurred vision and foot neuropathy both secondary to diabetes mellitus, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of his impairments. (R. 25). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including mail router, coupon redemption clerk, product inspector and ampoule sealer. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is

not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003). Additionally, 20 C.F.R. §404.1520a, which deals specifically with the evaluation of mental impairments, must be followed by the Commissioner whenever there is evidence of a mental impairment that allegedly prevents a claimant from working. Plummer, 186 F.2d at 432.

Here, plaintiff primarily raises two challenges[2] to the ALJ's

---

[1] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of hid age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

[2] Plaintiff's brief contains an isolated reference to his "inability to tolerate medication or even afford medication" but he does not develop any sort of argument in this regard. However, the ALJ expressly found that plaintiff's allegations as to the side effects of his medications were not supported by the medical evidence (R. 25) and plaintiff does not challenge that finding on appeal.

AO 72
(Rev. 8/82)

findings: (1) the ALJ improperly analyzed plaintiff's testimony regarding his pain and limitations; and (2) the ALJ failed to consider the limiting effects of plaintiff's numerous impairments in combination. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

First, the court finds that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations.[3] In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record. In doing so, the ALJ concluded that plaintiff's subjective complaints of pain and limitations, while partially credible, were not fully substantiated as to incidence, duration and severity and were inconsistent with both his self-reported activities of daily living as well as with the clinical and objective medical findings of record. (R. 21-22). The ALJ thoroughly explained his credibility finding in his decision and that finding is supported by substantial evidence.

Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an

[3] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

AO 72
(Rev. 8/82)

ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. To the contrary, the record shows that plaintiff's activities were anything but "sporadic and transitory" but included, *inter alia*, use of a push mower, driving, short motorcycle rides, gardening, attendance at sporting events and movies and visits with family and friends. In determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of his activities of daily living. The court is satisfied that the ALJ's credibility determination is supported by substantial evidence in the record.

Second, plaintiff's argument that the ALJ failed to consider the limiting effects of plaintiff's impairments in combination is belied by the record. The ALJ expressly found that plaintiff's impairments, alone or in combination, do not meet or equal any listing, he incorporated all medically supported limitations arising from all of plaintiff's impairments into his residual functional capacity finding, and his hypothetical to the vocational expert included limitations arising from all of plaintiff's impairments. (R. 19-20; 23-24). Accordingly, plaintiff's argument that the ALJ failed to consider plaintiff's impairments in combination is without merit.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by

AO 72
(Rev. 8/82)

substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Arthur S. Cohen, Esq.
Cohen, Axinn & Cohen
P.O. Box 597
Hollidaysburg, PA 16648

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901